PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea for Consent Judgment.
On June 25, 1974, The Florida Bar filed its Complaint alleging:
COUNT I
“1. The Respondent, C. J. Budzinski, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
“2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
“3. Prior to and during May of 1972 Respondent was employed as an attorney by Aleda Lopez and Alfonso Lopez, wife and husband, hereinafter referred to simply as his clients.
“4. Respondent continued to act as an attorney for his clients and was in control of legal documents of his clients through at least September 18, 1973.
“5. Respondent undertook the appeal of a $75,000.00 judgment against his clients (See Dade County Case No. 71-4235, Jenkins v. Lopez).
“6. However, the Respondent negligently and incompetently failed to prosecute the appeal beyond the filing of a notice of Appeal and two separate Motions for Extensions of Time, both motions being necessitated by Respondent’s neglect and incompetence.
“7. In explaining his own incompetence and neglect to his clients and to Eleventh Judicial Circuit Grievance Committee “H”, the Respondent displayed lack of knowledge of substantive and procedural law which was essential to the appeal of his clients.
“8. Moreover, in about November of 1972, Respondent undertook the filing of Petitions in Bankruptcy for his clients, but had not filed the Petitions by September of 1973. Respondent had “lost” the paperwork for the petitions in his own offices, but as of March of 1973, Respondent had not bothered to check with his clients or an office associate as to the whereabouts of the paperwork. '
“9. During the course of his representation of his clients, the Respondent incompetently and negligently filed Answers for Garnishee (and accepted and cashed two $10 fees from the Clerk of the Circuit Court) on behalf of his clients’ employers. At no time has Respondent been attorney for said employers, however, nor was he authorized to file said answers.
*513 “10. For his incompetent and negligent employment respondent has accepted at least the following monies from his clients and damaged and prejudiced them to at least that extent:
a. $100 on about April 12, 1972 (Receipt # 302)
b. $300 on about April 20, 1972 (Receipt # 303)
c. $150 on about April 27, 1972 (Receipt # 304)
d. $250 on about May 19, 1972 (Receipt # 306)
e. $150 on about July 10, 1972 (Receipt # 313)
f. $108 on about November 6,1972
g. $100 on about November 15, 1972
h. $100 on about December 15, 1972 (Receipt # 307)
i. $100 on about January 17,1973
j. $100 on about February 16,1973
“11. Respondent has and continues to fail to account to his clients for the monies he has received from them and Respondent continues to maintain such inadequate office records and procedures (both work records, etc., and financial records and accounts) that it is doubtful he can ever account properly.
“12. By reason of the foregoing, Respondent has violated DR 1-102[A] (2) and (3), and DR 9-102(B)(3) of the Code of Professional Responsibility, as well as Rule 11.02(4) (a) and (b) of the Integration Tule (sic) of The Florida Bar.
COUNT II
“1. Complainant realleges the matters set forth in paragraphs 1 and 2 of Count I, above.
“2. Beginning about July of 1972, and continuing through approximately April of 1973, the Respondent was employed as attorney for Louis S. Burek.
“3. Respondent was employed to resolve a cloud on a title to real property in which Mr. Burek had in interest. With Respondent’s knowledge, an out-of-state law firm (McCabe and McCabe of Poughkeepsie, New York) was associated in the matter.
“4. The cloud in the title to Mr. Bur-ek’s property has not been lifted, because of Respondent’s failure to perform competent services in a timely manner.
“5. Despite Respondent’s failure to perform proper legal services for Mr. Bur-ek, Respondent has received and not returned over $1,500 in fees and/or loans from Mr. Burek. (See check no. 806 ($500), dated 2-12-72, and check no. 767 ($200) dated 7-3-72, from First National Bank of Red Hook, N.Y.; and receipt No. 3-003883 ($800) from Citizen Federal Savings and Loan Association of Miami, Florida; and check no. 109 ($59.-80), dated 3-5-73, from The Bank of Naples, Naples, FI.)
“6. Respondent has also failed to account properly for the funds referred to in paragraph 5 of this Count, despite Mr. Burek’s requests for an accounting.
“7. Respondent, during his representation of Mr. Burek, also had control of and has either converted, lost, and/or failed to account for a television set worth $473.15 and several social security checks, all belonging to Mr. Burek.
“8. By reason of the foregoing, Respondent has violated DR 1-102 (A) (4) and (6), DR 6-101 (A)(1), (2), and (3) and DR 9-102(B)(3) of the Code of Professional Responsibility, as well as Rules 11.02(3) (a) and (4) (a) and (b) of the Integration Rule of The Florida Bar.
COUNT III
“1. Complainant realleges the matters set forth in Counts I and II, above.
*514 “2. During the periods in which the Respondent was attorney for Mr. and Mrs. Lopez and for Mr. Burek, Respondent was, and still is, an alcoholic.
“3. During the periods in which Respondent was attorney for Mr. and Mrs. Lopez and Mr. Burek, Respondent’s office was not sufficiently organized to account for monies, documents or files of his clients. Moreover, Respondent has had loose and disorganized office associations with various other persons, including another attorney.
“4. Despite his alcoholism and his own incompetence and neglect, and despite the availability of other attorneys with whom to consult, Respondent has failed to take any positive actions to voluntarily cease the practice of law pending recovery, and Respondent has failed to effectively associate himself with another attorney to protect the interests of clients who unsuspectingly retain him.
“5. By reason of the foregoing, Respondent has demonstrated incompetence violative of the public good, as contemplated by Rule 11.01(4) of the Integration Rule of The Florida Bar.
The Petition for Approval of Conditional Guilty Plea for Consent Judgment is granted and Respondent is hereby disciplined as follows:
“1. A public reprimand. (The publication of this opinion shall serve as the public reprimand to Respondent.)
“2. Restitution by the Respondent to Mr. and Mrs. Alfonso Lopez in the amount of $1,478 and to Mr. Lewis S. Burek in the amount of $1,973.15. The restitution shall be paid within 270 days of the Florida Supreme Court’s approval of this plea.
“3. Probation for three (3) years with the following conditions:
A.The Respondent will not commit any crimes or violate the Integration Rule or Code of Professional Responsibility.
B. The Respondent will not consume any alcoholic beverage unless prescribed by a physician.
C. The Respondent will file quarterly reports directly with the Clerk of the Florida Supreme Court with a copy to Staff Counsel for The Florida Bar. In preparing such reports, Respondent shall include the following minimum information: 1) A report from his personal physician indicating his progress in treating his alcoholism. 2) A caseload report listing every matter which has been pending in the Respondent’s office during the preceding quarter. The name of every client and brief description of the subject matter shall be included along with a statement about whether the case is not current, current, or disposed of. If the case is pending before a court, the court and case number shall be included in the report.
D. During the period of probation, the Respondent consents, with one working day’s notice, to an inspection of his case files and trust account records by a member of The Florida Bar designated by the Staff Counsel for The Florida Bar. The confidentiality of those files shall be maintained.
E. BREACH OF PROBATION AND REVIEW BY THE FLORIDA SUPREME COURT. The Respondent agrees that his breach of the conditions of his probation may be determined by the filing with the Supreme Court of a grievance committee report approved by the Board of Governors, finding probable cause of the breach. The Board of Governors may make a recommendation of discipline when such a report is filed.
Should the Florida Supreme Court approve a committee’s probable cause report finding that the Respondent has breached his probation by consuming alcoholic beverages, the Respondent consents to being disbarred for three years with the requirement of proof of rehabilitation before any reinstatement. Upon the filing of such a *515 probable cause finding with the Supreme Court, the Respondent will be entitled to file a response contesting only the report’s factual conclusions. However, the Board of Governors may recommend a discipline other than disbarment.
Should a probable cause finding that the Respondent has breached any other condition of his probation be filed with the Supreme Court, the Respondent will be entitled to file a response contesting the report’s factual conclusions and any discipline recommended by the Board of Governors.
“4. Costs incurred in these proceedings shall be taxed against the Respondent and paid to The Florida Bar within thirty (30) days after the approval of this plea by the Florida Supreme Court unless such time is extended by The Florida Bar for good cause.”
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.